# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNE DAWSON, Special Administrator of the Estate of Christopher M. Dawson, 3966 Nu'uanu Pali Dr. Honolulu, HI 96817<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION, 409 3rd St., NW Washington, DC 20416<br><br>*Defendant.* | Civil Action No.: 25-1644 |

## COMPLAINT

1. Plaintiff Donne Dawson, Special Administrator of the Estate of Christopher M. Dawson ("Dawson"), brings this action against Defendant U.S. Small Business Administration ("SBA") to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2. Specifically, Dawson seeks a copy of an audit report in SBA's possession that will shed light on the accuracy of statements made by the Hawaiian Native Corporation ("HNC") to its former CEO, Christopher Dawson, when HNC and Mr. Dawson were negotiating a potential severance agreement for Mr. Dawson.

3. Although that report is in SBA's possession, SBA has refused to respond to Dawson's FOIA request. Dawson is thus forced to resort to litigation to compel SBA's compliance with its statutory obligations under FOIA.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. Additionally, it may grant declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*

5. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## PARTIES

6. Plaintiff Donne Dawson is the Special Administrator of the Estate of Christopher M. Dawson, and she resides in Honolulu, Hawaii. Christopher Dawson died in December 2024, and Donne Dawson was appointed Special Administrator of his Estate by the First Circuit Court of Hawaii on May 7, 2025.

7. SBA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f), and it has possession and control of the records Dawson seeks.

## BACKGROUND

8. HNC and its Dawson Group subsidiaries participate in SBA's Section 8(a) Business Development Program.

9. On January 31, 2024, SBA issued to HNC an order to show cause why SBA should not debar HNC and the Dawson Group based on a Department of Justice

criminal investigation involving the companies and its then-CEO Christopher Dawson.

10. Thereafter, Mr. Dawson, HNC, and the Dawson Group engaged in negotiations related to a potential severance agreement for Mr. Dawson.

11. During those negotiations, HNC represented that it had: "retained an independent accounting firm, CBIZ, to conduct an internal forensic accounting analysis into certain financial dealings and other matters relating to HNC/DAWSON and involving Mr. Dawson, the Dawson Group … and related entities controlled or owned by Mr. Dawson."

12. Upon information and belief, a copy of this audit report performed by CBIZ was provided to SBA.

13. Mr. Dawson submitted a FOIA request to SBA on August 8, 2024, seeking: "The internal forensic accounting analysis performed by the accounting firm CBIZ into financial dealings and other matters related to Hawaiian Native Corporation, Christopher Dawson, and/or the Dawson Group." Ex. A at 1.

14. As Mr. Dawson further explained, "[t]his request was directed to all SBA components, offices, or divisions likely to have the requested record." *See id.* at 2.

15. On August 8, 2024, SBA acknowledged receipt of this FOIA request and assigned it tracking number SBA-2024-005897. *See* Ex. B.

16. Since then, Dawson has not received any further response from SBA regarding this FOIA request.

## COUNT I
## Violation of FOIA, 5 U.S.C. § 552

17. Plaintiff repeats the foregoing paragraphs as if set forth fully herein.

18. SBA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f).

19. By letter dated August 8, 2024, Dawson submitted a FOIA request to SBA. *See* Ex. A.

20. That request reasonably described all requested records and complied with all applicable statutes and regulations.

21. SBA acknowledged receipt of the FOIA request on August 8, 2024. *See* Ex. B. Yet SBA failed to respond to the request by conducting a search reasonably calculated to locate responsive records, as FOIA requires.

22. SBA has thus failed to respond to the request within the statutory time period. *See* 5 U.S.C. § 552(a)(6).

23. Accordingly, Dawson has exhausted all administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C).

24. Additionally, the requested records are not exempt from FOIA pursuant to 5 U.S.C. § 552(b).

25. By failing to release all responsive, non-exempt records, SBA has violated FOIA. *See* 5 U.S.C. § 552(a)(3)(A).

## PRAYER FOR RELIEF

WHEREFORE, Dawson respectfully requests that this Court:

i. Declare that the records sought by the request, as described in the foregoing paragraphs, must be disclosed pursuant to 5 U.S.C. § 552.

ii. Order SBA to conduct legally sufficient searches immediately for all records responsive to Dawson's FOIA request and demonstrate that the search methods were reasonably likely to lead to the discovery of responsive records.

iii. Order SBA to produce by a date certain all non-exempt records responsive to Dawson's FOIA request.

iv. Award Dawson attorneys' fees and costs incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E).

v. Grant Dawson such other and further relief as this Court deems proper.

May 22, 2025

Respectfully submitted,

*/s/ Brian J. Field*
BRIAN J. FIELD
D.C. Bar No. 985577
SCHAERR | JAFFE LLP
1717 K Street NW, Suite 900
Washington, DC 20006
Tel.: (202) 787-1060
Email: bfield@schaerr-jaffe.com

*Counsel for Plaintiff*