# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DONNE DAWSON, Special Administrator of the Estate of Christopher M. Dawson,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. SMALL BUSINESS ADMINISTRATION,<br><br>*Defendant*. | Civ. A. No. 25-1644 (TNM) |

## ANSWER

The United States Small Business Administration ("Defendant" or "SBA"), through undersigned counsel, hereby answers the complaint of Donne Dawson, Special Administrator to the Estate of Christopher M. Dawson, ("Plaintiff"), Complaint, ECF No. 1, under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

### RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action.

Defendant responds to the separately numbered paragraphs and request for relief in the Complaint as follows:

1.	Paragraph 1 seeks to characterize the substance of Plaintiff's lawsuit, to which no response is necessary. To the extent that a response is deemed necessary, Defendant admits that Plaintiff purports to bring a lawsuit against the SBA under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Defendant denies the remaining allegations in this paragraph.

2.	Paragraph 2 seeks to characterize the document(s) requested be produced by Defendant through Plaintiff's lawsuit, to which no response is necessary. To the extent that a response is deemed necessary, Defendant admits that Plaintiff is seeking to compel Defendant to produce a document under FOIA, 5 U.S.C. § 552, and that it possesses one or more records potentially responsive to Plaintiff's FOIA request. Defendant denies the remaining allegations in this paragraph.

3.	Paragraph 3 sets forth statements regarding Plaintiff's motivations for initiating this lawsuit, to which no response is required. To the extent that a response is deemed necessary, Defendant admits that Plaintiff is seeking to compel Defendant to produce a document under FOIA, 5 U.S.C. § 552, that it possesses one or more records potentially responsive to Plaintiff's FOIA request, and that the SBA had not produced any records as of the filing of the complaint in this action. Defendant denies the remaining allegations in this paragraph.

## JURISDICTION AND VENUE[1]

4.	Paragraph 4 sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this matter subject to the terms and limitations of FOIA

---

[1]	For ease of reference, Defendant replicates the headings contained in the Complaint. Although Defendant believes that no response is required to such headings, to the extent a response is deemed required and to the extent those headings could be construed to contain factual allegations, those allegations are denied.

5. Paragraph 5 sets forth legal conclusions, to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this judicial district for appropriate FOIA challenges, subject to the terms and limitations of FOIA.

## PARTIES

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

7. Defendant admits that SBA is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1). Defendant admits that it possesses one or more records potentially responsive to Plaintiff's FOIA request.

## BACKGROUND

8. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding the "Dawson Group subsidiaries." Defendant admits that Hawaiian Native Corporation has participated in SBA's Business Development Program and denies any remaining allegations in this paragraph.

9. Defendant admits that it sent a communication to Hawaiian Native Corporation on January 31, 2024, and respectfully refers the Court to that document, attached hereto, for a full, complete, and accurate statement of its contents, and denies all allegations inconsistent therewith.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10.

11. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11.

12. Defendant admits that it is in possession of a copy of a draft of a report dated March 28, 2024, marked 3.28.24 Version, which appears to have been created by CBIZ Forensic Consulting Group, LLC and is addressed to David R. Jimenez, Esq., Jackson Lewis P.C., 90 State

House Square, 8th Floor, Hartford, CT 06103.  Defendant denies the remaining allegations in this paragraph.

13. Defendant admits that Plaintiff submitted a FOIA request to SBA dated August 8, 2024.  Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

14. Paragraph 14 is an apparent restatement of part of Plaintiff's FOIA request, and Defendant respectfully refers the Court to Plaintiff's FOIA request, (ECF No. 1-1), for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

15. Defendant admits that SBA acknowledged receipt of Plaintiff's FOIA request on August 8, 2024, and assigned FOIA Control No. SBA-2024-5897 to Plaintiff's FOIA request.  Defendant respectfully refers the Court to the acknowledgement itself (ECF No. 1-2), for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

16. Denied.  By letter dated June 20, 2025, transmitted via email, Defendant notified Plaintiff that Defendant had provided the submitter of the information an opportunity to comment on the proposed treatment of the requested document and that when that process was complete, Defendant would make a final disclosure determination.  Defendant respectfully refers the Court to Defendant's letter, attached hereto, for a full, complete, and accurate statement of its contents.  By letter dated July 10, 2025, Defendant notified Plaintiff that SBA had determined that the document requested under FOIA Control No. SBA-2024-005897 was being withheld in full under FOIA Exemption 4, which confidential commercial or financial information that is not publicly available.  The July 10, 2025 letter also advised Plaintiff of its appeal rights under FOIA.  Defendant respectfully refers the Court to Defendant's letter, attached hereto, for a full, complete, and accurate statement of its contents.

## COUNT I

## Violation of FOIA, 5 U.S.C. § 552

17. Defendant incorporates its responses to Paragraphs 1–16 above as if fully set forth herein.

18. Defendant admits that SBA is an agency of the Executive Branch of the United States Government within the meaning of 5 U.S.C. § 552(f)(1).

19. Defendant admits that Plaintiff submitted a FOIA request to SBA dated August 8, 2024. Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

20. Paragraph 20 sets forth a legal conclusion and argument, to which no response is required. To the extent a response is required, Defendant refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith.

21. Defendant admits that SBA acknowledged receipt of Plaintiff's FOIA request on August 8, 2024, and assigned FOIA Control No. SBA-2024-5897 to Plaintiff's FOIA request. Defendant respectfully refers the Court to the acknowledgement itself (ECF No. 1-2), for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith. Defendant admits that, as of the filing of Plaintiff's complaint, it had not made any production of records to Plaintiff. Defendant denies the remaining allegations at paragraph 21.

22. Defendant admits that it had not made any production of records to Plaintiff within twenty business days of receiving Plaintiff's FOIA request. Defendant admits further that by letters dated June 20, 2025, and July 10, 2025, respectively, it notified Plaintiff that Defendant was

giving the submitter of the report requested in FOIA Control No. SBA-2024-005897 an opportunity to comment on the proposed treatment of the requested document and that, after consultation with the submitter, the report requested in FOIA Control No. SBA-2024-005897 was being withheld in full under FOIA Exemption 4. Defendant respectfully refers the Court to Defendant's letters, attached hereto, for a full, complete, and accurate statement of their contents.

23. Defendant admits that it had not made any production of records to Plaintiff within twenty business days of receiving Plaintiff's FOIA request and otherwise denies the allegations in this paragraph.

24. Denied. As set forth in Defendant's July 10, 2025 letter to Plaintiff, the report requested under FOIA Control No. SBA-2024-005897 was exempt from disclosure under FOIA Exemption 4, which protects from disclosure confidential commercial or financial information that is not publicly available. Defendant respectfully refers the Court to Defendant's letters, attached hereto, for a full, complete, and accurate statement of its content.

25. Denied. Plaintiff's FOIA request No. SBA 2024-005897 requested one specific document which Defendant has withheld in full under Exemption 4, which protects from disclosure confidential commercial or financial information that is not publicly available. Defendant respectfully refers the Court to Plaintiff's FOIA request (ECF No. 1-1) for a full, complete, and accurate statement of its contents and denies any allegation inconsistent therewith Defendant denies that there are any responsive non-exempt records to be produced to Plaintiff under FOIA Control No. SBA-2024-005897.

## REQUESTED RELIEF

The remaining portion of Plaintiff's Complaint contains its request for relief, to which no response is required. To the extent that a response is required, Defendant denies that Plaintiff is entitled to the relief requested or any relief whatsoever.

**DEFENSES**

In further response to the Complaint, Defendant raises the following defenses. Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

1. Plaintiff's Complaint is moot as Defendant SBA has responded to FOIA Control No. SBA-2024-005897.

2. Plaintiff is not eligible for or entitled to attorneys' fees and costs.

3. Any relief is limited to that provided for under 5 U.S.C. § 522(a)(4)(B).

4. Plaintiff is not entitled to compel production of responsive records protected from disclosure by one or more exemptions or exclusions to FOIA, 5 U.S.C. § 552, as amended.

5. The requested document is exempt from disclosure, in whole or in part, under 5 U.S.C. § 552(b).

6. To the extent that Defendant has exercised due diligence in processing Plaintiff's request and exceptional circumstances exist, Defendant reserves the right to pursue relief, including additional time to process the request. 5 U.S.C. § 552(a)(6)(C).

\* \* \*

Dated:  July 23, 2025                               Respectfully submitted,

                                                    JEANINE FERRIS PIRRO
                                                    Interim United States Attorney

                                        By:         _____/s/ *Sian Jones*_____
                                                    SIAN JONES, D.C. BAR No. 1024062
                                                    Assistant United States Attorney
                                                    U.S. Attorney's Office
                                                    601 D Street, N.W. - Civil Division
                                                    Washington, D.C. 20530
                                                    (202) 252-2578


                                                    *Attorneys for the United States of America*

OF COUNSEL:

ERIC S. BENDERSON
Associate General Counsel for Litigation
U.S. Small Business Administration

ARLENE M. EMBREY
Trial Attorney and FOIA Counsel
Office of the General Counsel
U.S. Small Business Administration
409 3rd Street, S.W.
Washington, D.C. 20416
(202) 205-6976